178 So.2d 62 (1965)
COOPER'S FINER FOODS, INC., a Florida corporation, Appellant,
v.
PAN AMERICAN WORLD AIRWAYS, INC., a New York corporation and First National Bank of Miami, a United States banking corporation, Appellees.
The FIRST NATIONAL BANK OF MIAMI, Appellant,
v.
COOPER'S FINER FOODS, Inc., a Florida corporation, Pan American World Airways, Inc., a New York corporation, Appellees.
Nos. 64-782, 65-124.
District Court of Appeal of Florida. Third District.
August 17, 1965.
Rehearing Denied September 13, 1965.
*63 Richard L. Lapidus, Miami, for Cooper's Finer Foods, Inc.
Scott, McCarthy, Preston & Steel, Miami, for The First Nat. Bank of Miami.
Smathers & Thompson and L.S. Bonsteel, Miami, for Pan American World Airways, Inc.
Before HENDRY, C.J., and CARROLL and SWANN, JJ.
CARROLL, Judge.
Cooper's Finer Foods, Inc., herein referred to as Cooper, sued Pan American World Airways, Inc., herein referred to as Pan American, and The First National Bank of Miami, herein referred to as the bank, in the civil court of record in Dade County. Cooper's claim against the bank was for damages for alleged wrongful payment on a letter of credit. Recovery was sought against Pan American for alleged negligent handling of certain documents in connection with a shipment, resulting in an unauthorized payment being made by the bank.
Plaintiff and both defendants moved for summary judgment. Based on the complaint and answers, and upon evidence consisting of documents, depositions, and interrogatories and answers thereto, the trial court granted summary judgment in favor of the plaintiff against the bank, and granted summary judgment in favor of the defendant Pan American. The bank appealed from the former judgment and Cooper appealed from the latter. The appeals were consolidated.
The material facts were not in dispute. To facilitate purchase of frozen shrimp from R.J. Zappi, a dealer in Caracas, Venezuela, Cooper arranged with The First National Bank of Miami to issue a letter of credit for $35,000 under which payment could be made to Zappi on sight draft for the invoice value of shipments of frozen shrimp of a designated size at a stated price per pound when the invoice was presented to the bank's correspondent, Banco de Commerce, Caracas, Venezuela, accompanied by certain documents listed in the letter of credit as follows: "Commercial invoice in triplicate; marine and war risks insurance policy or certificate in duplicate; copy of non-negotiable airway bill's of lading showing consignment to First National Bank of Miami, Miami, Florida," (for Cooper).
A shipment of shrimp invoiced at $4,175 was delivered to Pan American at Caracas for transportation to Miami as thus authorized. Airway bill of lading was issued for the shipment. As per custom there were twelve in number, three originals and nine copies. All bore the reception stamp of the carrier. Three were designated as originals, No. 1 for the issuing carrier, No. 2 for the consignee, and No. 3 for the consignor. Each of the remaining nine was marked "Copy." The copy with which this case is concerned was copy No. 9, which also bore the notation "For Sales Agent."
Upon discovering there was a lack of space for the shipment, Pan American returned *64 the merchandise to the consignor, as it was entitled to do, and took up the consignor's bill of lading. Pan American did not take up copy No. 9.
Thereafter the consignor submitted the invoice and other specified papers, including copy No. 9 of the air bill of lading, to the bank in Caracas and thereupon, based on the letter of credit, received the invoiced amount of $4,175.
With reference to appeal No. 65-124, which concerns the summary judgment in favor of the plaintiff and against the bank, the determinative question is whether the copy of the air bill of lading which was submitted met the requirements for such as contained in the letter of credit. The trial court was of the opinion that it did not. We conclude that in so holding the able trial judge was in error.
The appellee Cooper contends that the notation on the copy of the bill of lading that it was for the sales agent was notice to the bank it was not an appropriate copy for submission under the letter of credit. We fail to see how such a notation appearing on the copy of the bill of lading could nullify its character or efficacy. For example, in view of the wording of the letter of credit, if the shipment had been made the bank could not have refused payment because the copy of bill of lading contained a notation that it was for the sales agent.
The appellee argues further that payment by the bank should not have been made without production of one of the three designated originals of the bill of lading. In answer the appellant points out that the letter of credit did not require that an "original" of the bill of lading should be submitted, but on the contrary specified that a "copy" be produced. The copy presented contained all that was required of it under the terms of the letter of credit and bore the carrier's reception stamp.[1]
On the facts presented payment by the bank was proper as authorized by the letter of credit, and the bank's motion for summary judgment should not have been denied. Whereupon, the summary judgment appealed from in case No. 65-124 is reversed, and the cause is remanded with directions to enter summary judgment in favor of the defendant The First National Bank of Miami.
On the issue as to negligence of the defendant Pan American, the trial judge correctly determined there were no triable issues of fact, but erred in holding that Pan American was entitled to judgment as a matter of law.
Appellants contend that failure of the carrier, on rejecting the shipment and returning it to the consignor, to take up copies of the bill of lading which it had issued with its reception stamp thereon was negligence which proximately resulted in the loss to Cooper. That contention has merit. The record discloses that the carrier's reception stamp was placed on the copy in question; that Pan American knew of the letter of credit and was aware of the Uniform Customs Brochure No. 222, under which the bank was entitled to honor a draft accompanied by a bill of lading (and, under the letter of credit, a copy of bill of lading) bearing the carrier's reception stamp. It was shown in a deposition of one of its employees that it was the custom of Pan American to take up all signed or stamped copies of bills of lading when goods were turned back to a shipper.
Pan American takes the position that only those bills of lading which were designated as originals should be considered as material or effective and that it had no responsibility to take up copies, as distinguished *65 from originals of bills of lading. That argument is without force. For one thing, it was the carrier's custom to take up all copies which were signed or bore its reception stamp, when a shipment was returned to the consignor. And a fact which may not be avoided is that the carrier placed its reception stamp on the copy in question, and allowed it to remain outstanding with knowledge of the letter of credit and of the published regulation referred to. Without a copy of the bill of lading bearing the reception stamp of the carrier and thereby signifying that shipment as per invoice had been made, the consignor could not have obtained the undeserved payment. On the facts established, the liability of Pan American seems clear.
For the reasons stated the summary judgment for the defendant Pan American which is appealed from in case No. 64-782 is reversed, and the cause is remanded with directions to enter summary judgment for plaintiff against the defendant Pan American World Airways, Inc.
It is so ordered.
NOTES
[1] The letter of credit, by reference, incorporated the Uniform Customs and Practice for Documentary Credit (1962 Revision) International Chamber of Commerce Brochure No. 222. Article 22 thereof expressly provided that a bank should consider as regular a bill of lading bearing the reception stamp of the carrier or issuer.